## RILEY *v.* HEISCH *et al.*

*Cornwall* v. *Culver*, (16 Cal. 423) holding that for land within the boundaries of the general tract granted to Sutter, situated in the county of Sacramento—the circumstances of Sutter's possession and control being shown—ejectment will lie directly upon the grant, although no official survey and measurement have yet been made by the officers of the Government, and although it may appear, when such survey and measurement are made, that there exists, within the limits of the general tract, a quantity exceeding eleven leagues, affirmed.

Although in ejectment on Sutter's grant for land in Sacramento county the Court below does not find the facts as to Sutter's *possession* which the evidence establishes, still the Supreme Court will look into the evidence for such facts, and

is not concluded by the findings of the Court—a motion for new trial, that is, to set aside or modify the findings, having been made.

The grant to Sutter gave of itself a right of possession; and, therefore, whether the title it created be legal or equitable, it will support ejectment.

Although the grant contemplates a measurement by the proper officers of the former Government of the specific quantity granted, and only in that way, by the laws of that Government, could the specific quantity be definitely and permanently located; yet it was competent for the grantee himself to make a temporary selection and location which would be binding and effectual as against intruders and trespassers, and all parties, until the action of the Government in the matter.

The language used in *Waterman* v. *Smith* (13 Cal. 416) and *Moore* v. *Wilkinson*, (Id. 489) to the effect that the right of location rested exclusively with the Government, and was not left to the grantee, or subject to any control by him, must be taken as referring to a definite and permanent location, by which the title becomes attached absolutely to some particular tract. A temporary selection or location of the land, or of some portion of it, must be made by the grantee in executing the conditions to which the grant is subject. Such temporary selection and location are evidenced by occupation or cultivation of the land, its sale or lease, or any ordinary use by the grantee according to the custom of the country.

APPEAL from the Sixth District.

Ejectment for a lot in the city of Sacramento tried by the Court without a jury. The facts are stated in the opinion of the Court. Plaintiff appeals.

*E. B. Crocker*, for Appellant.

*Geo. R. Moore*, for Respondents.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

This is an action of ejectment to recover certain real estate situated within the city and county of Sacramento. The plaintiff traces title to the premises from the grant issued to John A. Sutter by the Mexican Governor, Alvarado, in June, 1841. The case resembles in its essential particulars that of *Cornwall* v. *Culver*, decided at the last October term. (16 Cal. 423.) We there held that for land within the boundaries of the general tract designated in the grant, situated within the county of Sacramento, ejectment will lie directly upon the grant; and that it is no objection to a

recovery that an official survey and measurement of the specific quantity granted—eleven leagues—have not been made by the Government; and that it may possibly appear when such survey and measurement are made, that there exists within the exterior limits of the general tract an excess over the eleven leagues. "If there be such excess," was our language, "it was for the Government to survey and lay it off. The grant contemplates the possibility of an excess, for in its fourth condition it expressly reserves any surplus, found upon the official measurement, above the specified quantity, for the benefit of the nation. Until such measurement, no individual can complain, much less can he be permitted to determine in advance that any particular locality will fall within the supposed surplus, and thereby justify its forcible seizure and detention by himself. If one person could in this way appropriate a particular parcel to himself, all persons could do so ; and thus the grantee, who is the donee of the Government, would be stripped of its bounty, for the benefit of those who were not in its contemplation, and were never intended to be the recipients of its favors."

In that case, it appeared from the evidence that the land within the county of Sacramento, covered by the grant, was in the possession of Sutter, by the permission of the former Government, for years previous to the cession of the country to the United States ; that it was subjected by him to all such uses as he desired ; that over it he had absolute control, without disturbance by any one, exercising the rights of a proprietor to the knowledge of the Government, and with its recognition of their existence ; that he asserted ownership to the land under the grant ; and that for years after the conquest and treaty his claim and possession remained unquestioned. "His title, whether it be regarded as a legal or equitable one," we said, " is sufficient, *under these circumstances*, to enable him, and those holding under him, *to recover or maintain possession in the Courts of the State*, until at least, the United States intervene and determine, through the appropriate departments, that his claim, under his grant, shall be satisfied by land elsewhere selected. Thus far the United States have given no countenance to any intrusion upon the land ; but, on the contrary, have expressly forbidden the assertion of any preëmptive rights to it, or to any lands similarly situated."

Riley *v.* Heisch.

In the present case, the evidence shows a like undisturbed possession and control by Sutter, under his grant, during the existence of the former Government, and for years subsequent to the cession, of the land covered by the city of Sacramento. The views expressed in *Cornwall* v. *Culver*, therefore, dispose of the present appeal. The Court does not, it is true, find the facts as to the possession which the evidence establishes, but this is not important as the case is presented. We are not confined in the consideration of the appeal to the facts as found. A motion was made for a new trial, and we are thus at liberty to look into the evidence embodied in the statement to ascertain whether the findings cover the material matters presented for consideration. The Court finds, in substance, that the grant was of eleven leagues, to be afterwards located within the exterior boundaries designated; that these boundaries embrace a much larger quantity than the eleven leagues, which is not subject to overflow or inundation by the impulse and currents of the rivers; that the eleven leagues were never segregated or set apart from the general tract under the former Government; that Sutter entered upon a part of the general tract at or before the date of the grant, and that he and his grantees have ever since occupied the same; that the premises in controversy are within the exterior boundaries, but that it cannot be known that they are covered by the grant, until an official location of the same by the United States; that the grant has been confirmed by the Supreme Court, and that proceedings are now pending before the District Court for the location of the same; and concludes, as a matter of law, that the grant conveys only an equity or right to have the eleven leagues set apart to the grantee and his vendees, and that until thus set apart it will not support ejectment either for the entire general tract, or any part of it. Judgment was, in consequence, rendered for the defendants. Had the Court found the facts as to the possession of Sutter, under his grant, of the land covered by the city of Sacramento, which, as we have stated, the record discloses, or that the part of the general tract upon which he entered, and which he or his grantees have ever since occupied, embraces that land, the case on the findings would have come directly up to that of *Cornwall* v. *Culver*. But as we have

Riley *v.* Heisch.

already observed, we are not concluded by the findings rendered—a motion for a new trial, that is, to set aside or modify those findings, having been made.

The grant itself gave a right of possession. Indeed, it was subject to the conditions of cultivation or occupation by the Mexican regulations of 1828, which were adopted to carry into effect the general Colonization Law of 1824; and a compliance with those conditions was essential to avoid a possible denouncement and forfeiture of the land granted. It is of no consequence, therefore, whether the title which it created be deemed a legal or an equitable one; for carrying with it the right of possession, it is sufficient to support ejectment. Although the grant contemplates a measurement by the proper officers of the former Government of the specific quantity granted, and only in that way, by the laws of that Government, could the specific quantity be definitely and permanently located, yet it was competent for the grantee himself to make a temporary selection and location, which would be binding and effectual as against intruders and trespassers, and all parties, until the action of the Government in the matter. The language used by us in the cases of *Waterman* v. *Smith* (13 Cal. 416) and *Moore* v. *Wilkinson*, (Id. 489) to the effect that the right of location rested exclusively with the Government and was not left to the grantee, or subject to any control by him, must be taken as referring to a definite and permanent location, by which the title becomes attached absolutely to some particular tract. A temporary selection or location of the land, or of some portion of it, must be made by the grantee in executing the conditions to which the grant is subject. Such temporary selection and location are evidenced by occupation or cultivation of the land its sale, or lease, or any ordinary use by the grantee according to the custom of the country.

Judgment reversed and cause remanded for a new trial.